UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERBERT J. ROHR, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-2820-LMA-SS** |
| **ALLSTATE INSURANCE COMPANY, et al** | |

## ORDER

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION (Rec. doc. 21)

**DENIED**

On July 17, 2005, the plaintiff, Herbert J. Rohr ("Rohr"), filed this action against the defendants, Allstate Insurance Company ("Allstate") and Horace Savoie ("Savoie"). Rec. doc. 1. The complaint concerns an automobile accident in the Parish of Jefferson. The defendants answered. Rec. docs. 5 and 6. On January 26, 2006, the District Court issued a scheduling order. The deadline for amending pleadings was February 27, 2006. The trial was set for September 18, 2006. Rec. doc. 10. On March 6, 2006, Rohr filed an ex parte motion to substitute the estate of and/or the succession of Horace Savoie for Savoie, which was denied by the District Court as ex parte. Rec. docs. 15 and 16. On March 16, 2006, there was a status conference, at which time the

District Court granted Rohr leave to amend to add State Farm Insurance as a defendant.[1]  All other previously scheduled dates and deadlines remained in effect.  Rec. doc. 19.  On that same day Rohr filed the following:  (1) plaintiff's first amended petition in which it is alleged that Savoie died and the original petition should be amended to substitute the estate of/succession of Harold Savoie; (2) a memorandum in support of plaintiff's first amended petition; and (3) a notice of hearing for April 12, 2006.  Rec. doc. 21.  Because Rohr failed to file a motion for leave to amend, the Clerk inadvertently docketed this as "Plaintiff's First Amended Petition."  A summons was issued to the Estate of/Succession of Harold Savoie.  Rec. docs. 21 and 22.  On April 3, 2006, Allstate filed an opposition to plaintiff's amended petition.  Allstate contends that Rohr should not be permitted to file the amended petition for several reasons.

The undersigned ordered that plaintiff's first amended petition be treated as a motion for leave to amend to file first amended petition in which the estate of/succession of Harold Savoie would be substituted as a defendant in lieu of Harold Savoie.  The Clerk was directed to change the docket accordingly.  The parties were granted leave to file supplemental memoranda.  Rohr was instructed to respond to Allstate's argument that unless Rohr causes a succession to be opened and a proper succession representative named as defendant, any judgment against the succession would be a nullity.  Rohr did not do this.

Rohr states that neither he nor his counsel had any independent knowledge of Horace Savoie.  At least as of the filing of this action, this cannot be true.  On July 12, 2005, Rohr filed a complaint

---

[1] On March 27, 2006, the District Court granted Rohr's motion to add State Farm.  Rec. doc. 25.  A second amended complaint adding State Farm as a defendant was filed on March 23, 2006 with a summons issued to State Farm. Rec. docs. 23 and 24.

in which Horace Savoie was named as a defendant. Rec. doc. 1. Rohr states that once Allstate filed an answer on Savoie's behalf, Allstate was Savoie's legal representative. This is a gross misstatement. Allstate did not file an answer on behalf of Savoie. A lawyer appeared for Savoie. The same lawyer appeared for Allstate. This does not equate to Allstate filing an answer on behalf of Savoie. Allstate is not Savoie's legal representative. It is merely the insurer for Savoie. Rohr states he knew nothing about the whereabouts of Savoie, but the complaint alleges that Savoie was a resident of John the Baptist Parish. Rec. doc. 1.

Subject matter jurisdiction is present because of the diverse citizenship of the parties. In Proctor v. Gissendaner, 579 F.2d 876 (5th Cir. 1978), the Fifth Circuit stated: "[i]t is settled that in a diversity case we must look to the substantive rights afforded by state law in making the determination of whether the named party is a real party in interest." Id. at 880. La. Code Civ. Proc. Ann. art. 734 provides that, "the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration." The Official Revision Comment of 1960 for Article 734 states that, "[t]his article adopts a single, simple rule in all cases: the succession representative alone is the proper defendant." A judgment rendered against the deceased's unopened succession for which a succession representative had never been appointed is a nullity. Minden Bank & Trust Company, v. B.T. Childs, 658 So.2d 216, 218 (La. App. 2nd Cir. 1995). It is Rohr's duty to determine whether or not the succession of Horace Savoie was opened and whether there is a succession representative and, if not, to initiate proceedings to open the succession and have the proper succession representative appointed and subsequently named as the defendant in this action. Id.

A district court is properly within its discretion to deny a motion for leave to amend if the amendment is futile. Stripling v. Jordan Production Company, L.L.C., 234 F.3d 863, 873 (5th Cir. 2000). An amendment is futile where the amended complaint fails to state a claim upon which relief can be granted. Id. To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quoting Shane v. Fauver, 213 F.3d 112, 115 (3rd Cir. 2000).

> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 873 (Citations, quotation marks and brackets omitted). Because a judgment against Savoie's unopened succession is a nullity, the first amended petition fails to state a claim upon which relief can be granted. The amendment is futile. Rohr's motion for leave to amend is denied.

IT IS ORDERED that Rohr's motion for leave to file first amended petition (Rec. doc. 21) is DENIED.

New Orleans, Louisiana, this 26th day of April, 2006.

                                                              **SALLY SHUSHAN**
                                               **United States Magistrate Judge**